FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 16, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TAYLOR G.,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,<br>Defendant. | No. 1:26-CV-03040-SAB<br><br>**ORDER REVERSING THE DECISION OF COMMISSIONER** |

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying her application for social security benefits. Plaintiff is represented by D. James Tree. The Commissioner is represented by Shata Stucky and Joseph Derrig. Pending before the Court is Plaintiff's Opening Brief, ECF No. 9 and the Commissioner's Brief Requesting Remand, ECF No. 12.

After reviewing the administrative record, briefs filed by the parties, and applicable case law, the Court is fully informed. For the reasons set forth below, the Court reverses the Commissioner's decision and remands for an immediate award of benefits.

**I. Jurisdiction**

On February 10, 2021, Plaintiff filed an application for child's insurance (Title II) benefits based on disability Plaintiff's application was denied initially and

on reconsideration. Plaintiff timely requested a hearing, which was held on September 23, 2023. The ALJ issued a decision and the Appeals Council remanded. A hearing was held on June 24, 2025. Plaintiff appeared by telephone with counsel, Robert Tree.[1] Lloyd Tommila also appeared at the hearing. On July 18, 2025, ALJ David Johnson found Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council, and it denied the request on January 9, 2026. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. §§ 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal on March 10, 2026. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

**Step One**: Is the claimant engaged in substantial gainful activities? *Id.* § 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for

[1] At the hearing, Plaintiff amended the alleged onset date to May 8, 2018.

pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. *Id.* § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? *Id.* § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* § 404.1520(d), 416.920(d). If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before proceeding to the fourth step, the ALJ must first determine the claimant's residual functional capacity (RFC). An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. *Id.* § 404.1545(a)(1), 416.945(a)(1). The RFC is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? *Id.* § 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. *Id.* § 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation

proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? *Id.* § 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the

Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

**IV. Statement of Facts**

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized here.

Plaintiff was born with trisomy X syndrome. As a result, she suffers from severe depression and anxiety. She earned her high school diploma with the benefit of an IEP. Plaintiff has a history of self-harm and suicide attempts and at times, she experiences auditory hallucinations. Plaintiff has several unsuccessful work attempts.

In 2023, Plaintiff was working part-time at Goodwill Industries. She testified that she needs directions to be told what to do. When she finishes a task, she will wait until someone tells her the next task to complete. She testified that she calls in sick when she is struggling with her depression and anxiety. She misses one to three days a month. She was living with her mother. She did not have a driver's license, so she used the bus system or she walked.

In 2025, Plaintiff testified that she continued to work 20 hours at Goodwill. She has periods where she is doing okay, and then times when she struggles with her depression. She continues to call in sick when her depression is overwhelming. She testified that she was now experiencing hip pain and would need to sit down for 15 or 20 minutes if it got too bad.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 20-36. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since May 8, 2018. AR 23.

At step two, the ALJ identified the following severe impairments: degenerative disc disease of the lumbar spine, trisomy X syndrome, obesity, major depressive disorder with psychotic features, mood disorder, learning disorder, posttraumatic stress disorder (PTSD), and attention deficit hyperactivity disorder (ADHD) 23.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 25.

The ALJ concluded that Plaintiff has an RFC to perform:

> medium work, as defined in 20 CFR 404.1567(c) and 416.967(c), that does not require climbing of ladders, ropes, or scaffolds; that does not require exposure to hazards; that consists of simple tasks; that consists of tasks that follow a set routine; that is the same tasks over and over; that is quota-based rather than production-paced; that does not require interaction with the public; and that does not require more than occasional interaction with coworkers.

AR 27.

At step four, the ALJ found that Plaintiff has no relevant work. AR 35.

At step five, the ALJ found there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including floor waxer, auto detailer, steam cleaner, and marker. AR 35-36. Consequently, the ALJ found that Plaintiff was not disabled prior to May 9, 2018, or after. AR 36.

**VI. Issues**

In her Opening Brief, Plaintiff argued the ALJ erred by ignoring vocational testimony that the given residual functional capacity would preclude work; erred in improperly rejecting her symptom testimony for reasons that were not specific, clear and convincing, and erred by improperly rejecting the medical opinion of consultative examiner Kathryn Johnson, Ph.D.

In its response, the Commissioner agreed the ALJ erred in evaluating the

opinion of Kathryn Johnson, Ph.D. It asserts, however, the proper remedy would be to remanded for further proceedings. Plaintiff disagrees and asserts the Court should remand for an immediate award of benefits. Thus, the only question this Court needs to answer is whether to remand for further proceedings or remand for an immediate award of benefits.

## VII. Discussion

### 1. Evaluation of the Medical Opinion Evidence

In evaluating medical opinion evidence, the ALJ must consider the persuasiveness of each medical opinion and prior administrative medical finding from medical sources. 20 C.F.R. § 416.920c(a) and (b). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b)(2). The ALJ may explain how they considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

> Supportability and consistency are further explained in the regulations:
> (1) Supportability.
> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency.
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior

administrative medical finding(s) will be.

*Id.*

Plaintiff was evaluated by Dr. Johnson in 2021. She presented with a bland affect; knew little about current events; performed below average on screening measures of attention and mental control; reported significant difficulties with attention and concentration in daily life; her insight into her condition was quite limited, and she seemed to have difficulty accurately assessing her own capabilities. Dr. Johnson diagnosed Plaintiff with Major Depressive Disorder, Kleptomania, Attention Deficit Hyperactivity Disorder, and Specific Learning Disorder with deficits in reading and mathematics. Dr. Johnson opined Plaintiff would be capable of understanding and following simple instructions, but would struggle with complex or multi-step tasks, may have problems with compulsive stealing and would require significantly more direct supervision than the typical employee and she would be unlikely to reach out to ask for help when needed.

The ALJ found Dr. Johnson's assessment for simple work as persuasive because the record indicated Plaintiff has ADHD symptoms but did not find Dr. Johnson's supervision restrictions persuasive because this limitation was inconsistent with the record and because Plaintiff received positive and successful interaction with her supervisors. As the Commissioner's admits, this was in error because nowhere in Dr. Johnson's opinion did it say Plaintiff would have negative or unsuccessful interactions with supervisors. As Dr. Johnson noted, Plaintiff described herself as distractible, she had been fired from a previous job for being unable to multitask and difficulty giving out correct change, and needed reminders to take her medication, do chores, and care for personal hygiene. Moreover, Dr. Johnson's assessment is consistent with Plaintiff's testimony about her functioning at work.

The ALJ erred in rejecting Dr. Johnson's opinion about Plaintiff's need for

additional help and supervision. As such, this limitation should have been included in the RFC.

Remand for an immediate award of benefits is proper. Although the Commissioner attempts to create evidentiary conflicts and gaps in the record that would require further development and proceedings, the opinions the ALJ found persuasive did not speak directly to the level of supervision that Plaintiff needs to complete work. Here, the Court finds it appropriate to credit Dr. Johnson's opinion as true. If the ALJ properly evaluated Dr. Johnson's opinion, they would be compelled to find Plaintiff is disabled. And the record clearly demonstrates that Plaintiff is unable to complete fulltime work independently, and thus, she is disabled.

**2. Evaluation of Plaintiff's Symptom Testimony**

Additionally, the ALJ erred in evaluating Plaintiff's symptom testimony because it is not supported by substantial evidence.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin,* 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id*. (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ believed Plaintiff's work activity was inconsistent with her allegations and demonstrated greater work capacity. This is not true. Rather, Plaintiff's work was not only part time, and facially below SGA levels, she needed frequent directions and assistance from supervisors, as week as leniency on absenteeism and incomplete workdays. The record shows Plaintiff obtained her job at Goodwill through a special training program and received extra help, supervision, or a job coach. The ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's testimony.

**VIII. Conclusion**

The ALJ's decision that Plaintiff is not disabled is not supported by substantial evidence in the record. On the contrary, Plaintiff suffers from a generic disorder that explains most of her symptoms. Dr Johnson's opinion incorporates Plaintiff's well-documented limitations. The Court credits Dr. Johnson's opinion as true. Because there are no evidentiary conflicts to resolve and the record is fully developed, a remand for the immediate award of benefits is appropriate. *See Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief, ECF No. 9, is **GRANTED**.

2. For docket purposes, the Commissioner's Response Brief, ECF No. 12, is **DENIED**.

3. The decision of the Commissioner is **REVERSED** and remanded for an immediate award of benefits.

//

//

//

//

//

//

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 16th day of September 2026.

Stan Bastian
Chief United States District Judge